Sutlirr, J.
It is provided by section 5, of article 4, of the constitution of this state, that the district courts shall *be held in each county at least once in each year; “ But if it shall be found inexpedient to hold such court annually, in each county of any ■district, the general assembly may, for such district, provide that said court shall hold at least throe annual sessions therein in ■not less than three places; provided, that the general assembly may, by law, authorize the judges of each district to fix the times ■of holding the courts therein.”
An act of the legislature, passed February 20, Í856, fixing the time of holding the district court in the counties of the second circuit, fixed the time in Cuyahoga county for the 11th day of ■September. This act also provided that, if from any cause there ■should be a failure to hold the prescribed term in any county; and that, if important business should arise in the district court in any of the counties, the judges, upon giving thirty days’ notice in such ■county, might hold a special term. 53 Stat. 15. A similar provision in relation to the appointment of a special term of the district court by the judges, is contained in section 4, of the act of March 29, 1856. 53 Stat. 44. The substance of these provisions for special terms is, when important business accumulates in the district court of any county, which can not be disposed of at the stated term .of the court, for want of time, to authorize judges of the district court to hold a special term of said court in such ■county, at such time as they shall determine, on giving thirty days’ previous notice thereof in such county.
It is objected, in the first place, to the legality of the term of the district court so held, as set forth in the record, that the acts *205 of the legislature, above referred to, authorizing such extra term, was unwarranted by the constitution. It is said that there is no> provision of the constitution looking to such additional term, or to-more than one term during the same year.
"We do not think such restriction to a single term during the year, is either expressed or implied by the language *of the constitutional provision. The language used in section 5 is: “ District courts shall be .... held in each county therein, at least once in each year, .... provided that the general assembly may, by law, authorize the judges of each district to fix the times of holding the court therein.” This provision is general, empowering the general assembly to authorize the judges of each district to fix the times of holding the courts therein. The only restriction as to the number of times of holding, is that the court shall-not be held less than once in each year, thereby rather implying that the court may be held more than once in a county during the year, if it'should be thought expedient. ,Nor is there anything in the-provision empowering the legislature to authorize the judges to fix the times of holding the court, restricting such authority to fixing-the time for the regular terms merely. The provision is ample and equally applicable to fixing the times of special sessions. If the-judges could, under this provision of the constitution, be authorized by the legislature to fix any times, it is difficult to perceive-why they might not be authorized to fix all times of holding the courts within their districts. The acts of the legislature, under this provision'of the constitution, authorizing the judges to fix the time of holding special terms, is, therefore, to be regarded as an-exercise of legislative power rather than as a surrender of it.
The other objection urged to the legality of -the term is, that only a majority of the judges of the district were notified or acted in. appointing the special term of the court so held.
In the act to authorize the judges of the court of common pleas-of each judicial district to fix permanently the times for holding-the courts of common pleas and district court therein, it is provided' by section 7, as follows: “And if, for the want of time, or other good cause, the business of the district court, in any county, can not be disposed of at the regular term thereof, it shall be lawful for the * judges of said court, whenever, in their opinion, the business is of sufficient importance, to appoint and hold a special term of said court in said county. Thirty days’ previous notice of *206 said special terms shall be given in the county wherein the same .are ordered to be held.”
It is also provided in the preceding section 2, of the same act, in relation to the order of the judges fixing the general terms of holding the courts, that the judges, or a majority of them, on or before the first day of November next ensuing, shall issue their written -order to the clerk of the court of common pleas of each and every ■county in their said district, specifying the commencement of the term, etc., and that they shall transmit a certified copy of said order to the secretary of state, etc. And it is provided by section 4 of that act, that “whenever said order, so issued, shall have been re-ceived by the clerk of the court of common pleas, in any county, he shall immediately enter the same upon the journal of the court • of common pleas, and also upon the journal of the district court, in his said county, in the same manner as other entries, when re- ■ quired, are made upon said journals during vacation of said court; . and said entries shall be full and sufficient evidence as to the legal terms of holding said courts as therein ordered. The said clerk .shall also cause a copy of said order, certified by him, to be published for four weeks in one or more newspapers of general circulation in said county; the first publication of the same shall be in •the first week in the month of December next ensuing the date of -said order.”
This provision in section 4 evidently referred to the order mentioned'in section 2, although no provision is made requiring the judges to deliver to the clerk a copy of that order, nor of their or- • der or appointment of a special term mentioned in section 7. The record before us, however, shows that the appointment of the ■special term was intended to be made under the provisions of section 7, and that the clerk was ordered to give thirty days’ notice *of such term. The order is set forth at length, and duly ¡.signed by three of the judges. It is to be taken as a matter of -record, and importing absolute verity; and every intendment must 'be in favor of the regularity- and validity of the order.
Does it- appear, then, from the record before us, that the court ■erred in overruling the objection of plaintiff in error, that the court was not legally organized?
It is true that section 7 does not, like section 2, authorize a more majority of the judges to appoint such special term of the district •court. The character of the authority conferred by section 7 may *207 have been regarded such as to have induced the legislature to commit the trust only to all the judges, instead of to a mere majority. The holding of a special term is, by the provisions of the section, made to depend upon the opinion of the judges as to the want of time, at a regular term, to dispose of the business, or whether, from other circumstances, there exists good cause for appointing such special term. The exercise of this authority and public trust the legislature has seen fit to devolve upon all the judges, instead of a majority. The judges ought, therefore, according to well-established principles of law recognized in analogous cases, to have all been present, or, at least, constructively so. They should have all been duly notified of the time and place of the meeting at which the appointment of such special term was to have been determined upon; and then the action of a majority would have been legal. And if the record in this case showed us that the two judges, whose names do not appear to.have been signed to the order, were neither present nor notified, we could not regard the appointment of the special tei’m as a legal term of the court. But the order, upon its face, purports to have been regularly made “at a meeting of the judges of the court of common pleas and district court, in and for the fourth judicial district,” etc. The order is perfect as it appears on the record. The bill of exceptions, however, *shows that it was agreed between the parties upon the trial of the case, that Judges Fitch and Carpenter were neither present nor notified.
The only question, therefore, is, did the court err in holding the term a legal one, notwithstanding this admission? We think it was not error to reject such an admission, or, in other words, to refuse to suffer the record to be thereby invalidated. Such an admission was evidence of no higher order than other parol evidence. It stands upon the same principle as the testimony of witnesses. The ease is presented to us, therefore, quite differently from what it would have been if the order itself, as set forth in the record, showed that all of the judges had neither been notified nor present at the meeting fixing the time of the special term of the court.
We perceive no error in the record, and the judgment of the district court is therefore affirmed.
Brinkerhoee, 0. J., and Scott, Peck, and Gholson, JJ, concurred.